TRUSTEES OF the ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; Trustees of the Electrical Workers Pension Trust, Plaintiffs–Appellants,

v.

MARJO CORPORATION, d/b/a Desert Valley Electric, a Nevada Corporation, Grant General Contractors, Inc., a California Corporation; Paragon Construction, Inc., a Nevada Corporation; Weyher Bros. Co.; Tibesar Construction Co., a Nevada Corporation, and Doe Corporations and Doe Individuals 1 through 5, Defendants–Appellees.

TRUSTEES OF the ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, et al., Plaintiffs–Appellants,

v.

MARJO CORPORATION, d/b/a Desert Valley Electric, a Nevada Corporation, et al., Defendants–Appellees.

TRUSTEES OF the ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; Trustees of the Electrical Workers Pension Trust; Trustees of the National Electrical Industry Fund; Members of the Joint Apprenticeship Training Committee; National Employees Benefit Board; Trustees of the Electrical Workers Vacation Savings Plan Trust, Plaintiffs–Appellants,

v.

MARJO CORPORATION, d/b/a Desert Valley Electric, a Nevada Corporation, Grant General Contractors, Inc., a California Corporation; Paragon Construction, Inc., a Nevada Corporation; Tibesar Construction Co., a Nevada Corporation, and Doe Corporations and Doe Individuals 1 through 5, Defendants–Appellees.

Nos. 91–16150, 91–16581 and 91–16610.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1992.

Memorandum Filed Nov. 16, 1992.

Order and Opinion Decided March 16, 1993.

David Frederick, Lionel, Sawyer & Collins, Las Vegas, NV, for plaintiffs-appellants.

George S. Howard, Jr., and Albert T. Harutunian III, Luce, Forward, Hamilton

& Scripps, San Diego, CA, for defendant-appellee Grant General Contractors, Inc.

Kym Cushing, Las Vegas, NV, for defendant-appellee.

Before: FEINBERG,* GOODWIN and SCHROEDER, Circuit Judges.

The Memorandum disposition filed November 16, 1992, 979 F.2d 856, is redesignated an authored opinion by Judge Feinberg.

FEINBERG, Circuit Judge:

The Trustees of the Electrical Workers Health and Welfare Trust, et al. (the Trustees), appeal from judgments of the United States District Court for the District of Nevada, Lloyd D. George, J., holding that the Employee Retirement Income Security Act (ERISA) preempts their claims under a Nevada statute because the statute "relates to" benefit plans. The Nevada statute in question makes general contractors liable for contributions owed to employee benefit plans by their subcontractors. For the reasons stated below, we affirm.

## I.

Appellants are the trustees of various ERISA employee benefit plans (the Plans). Marjo Corporation, which did business as Desert Valley Electric, is an electrical subcontractor contractually bound to make contributions to the Plans for the benefit of Desert Valley's employees. Various general contractors used Desert Valley as a subcontractor on construction projects in Nevada. Two of those general contractors are now before this court, appellee Grant General Contractors, Inc., and appellee Tibesar Construction Co.

The facts relating to Grant are as follows. When Grant entered into its subcontracts with Desert Valley, neither Desert Valley nor Grant was signatory to any collective bargaining agreement or related trust fund agreement. In fact, according to Grant, Desert Valley was known as the largest electrical subcontractor in Las Vegas *not* signatory to any collective bargaining agreement. This meant that Desert Valley could keep its cost down, making it desirable to general contractors. Desert Valley does not dispute Grant's characterization of their relationship, which is as follows: Grant subcontracted work to Desert Valley, which at the time was nonunion; Grant made all payments due to Desert Valley; nine months after Desert Valley finished working on the project, Grant learned that Desert Valley had allegedly underpaid ERISA benefit plans and was therefore being sued.

Meanwhile, Desert Valley had filed for Chapter 11 bankruptcy protection. Because the bankruptcy stay prevented recovery from Desert Valley, the Trustees sought a judgment under state law to obtain the unpaid trust fund contributions from Grant, the general contractor.[1] As a result, Grant has had to defend itself against the suit for contributions as if *it* and not Desert Valley were the employer contractually bound to the Plans.

When the Trustees instituted suit against Grant in Nevada state court, Grant moved the case to federal court. In the district court, Grant moved for summary judgment, claiming that ERISA preempted the Nevada statute under which the Trustees had sued. The court agreed and granted the motion. This appeal followed.

---

* Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

1. The Trustees sued under Nevada Revised Statute § 608.150(1) which provides as follows:

Every original contractor making or taking any contract in this state for the erection, construction, alternation or repair of any building or structure, or other work, shall assume and is liable for the indebtedness for labor incurred by any subcontractor acting under, by, or for the original contractor in performing any labor, construction, or other work included in the subject of the original contract, for labor, and for the requirements imposed by [the Nevada Industrial Insurance Act].

The facts relating to Tibesar Construction Co. are similar to those involving Grant. Tibesar, like Grant, was a general contractor liable under the Nevada statute. After being sued under state law, Tibesar did what Grant had done: It removed the action to federal court on the ground that the causes of action asserted by the Trustees were preempted by ERISA. On Tibesar's motion, the district court ruled for Tibesar as it had for Grant, and this appeal followed.

## II.

■ ERISA contains a "virtually unique preemption provision," *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24 n. 26, 103 S.Ct. 2841, 2854 n. 26, 77 L.Ed.2d 420 (1983), whose language is "conspicuous for its breadth," *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990), and "deliberately expansive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). *See also Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137–138, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990); *Mackey v. Lanier Collections Agency & Service*, 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). This provision states that ERISA preempts "any and all state laws insofar as they may now or hereafter relate to" ERISA benefit plans. 29 U.S.C. § 1144(a). The key statutory language is "relate to." The Supreme Court has held that the words "relate to" must be interpreted broadly, as must the preemption provision as a whole. *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1552.

■ We affirm the district court essentially for the reasons given in its thorough opinion dated May 30, 1992. We agree with the district court that the Nevada statute making general contractors liable for subcontractors' benefit plan contributions is a statute "relate[d] to" benefit plans within the meaning of ERISA's preemption provision. We also agree with the district court's conclusion that it makes no difference that the Nevada statute was not "specifically designed to affect employee benefit plans." *See Ingersoll–Rand*, 498 U.S. at 140, 111 S.Ct. at 483; *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The Trustees are attempting to use the Nevada statue to enforce the terms of a plan. To the extent that the enforcement mechanism of the Nevada statute supplements those provided by ERISA, it is preempted.

In support of its position that their state-law claims are not preempted by ERISA, the Trustees cite two Ninth Circuit cases: *Carpenters Southern California Admin. Corp. v. D & L Camp Constr. Co.*, 738 F.2d 999 (9th Cir.1984), and *Carpenters Southern California Admin. Corp. v. Majestic Housing*, 743 F.2d 1341 (9th Cir. 1984). In *D & L Camp*, this Court held that an action brought by a fund trustee against an employer's surety to recover unpaid contributions to an employee benefit plan, as an action on a state-regulated contractual bond, was not a federal claim "arising under" ERISA for the purposes of removal jurisdiction. Similarly, in *Majestic Housing*, a fund trustee brought an action to enforce a mechanic's lien created against a developer's property when a subcontractor failed to contribute to the fund according to a collective bargaining agreement to which the subcontractor was a party. This court found that the latter action, because it was based on a statutory mechanic's lien, did not "arise under" federal law, and thus ERISA was inapplicable.

The district court noted—and we agree—that if *D & L Camp* and *Majestic Housing* were still good law, plaintiffs would probably prevail in this action. However, as the district court also pointed out, the broad language of the Supreme Court in *Pilot Life* and *Metropolitan Life* placed the continuing validity of our earlier holdings in serious doubt. Moreover, other Supreme Court decisions since *Pilot Life* and *Metropolitan Life*, in addition to a series of recent appellate decisions in this circuit and others, point to the same conclusion. *See, e.g., Ingersoll–Rand*, 498 U.S. at 137–138,

111 S.Ct. at 482; *FMC Corp.*, 498 U.S. at 56–58, 111 S.Ct. at 407; *Mackey*, 486 U.S. at 829, 108 S.Ct. at 2185; *Bricklayers & Allied Craftsmen Int'l Union Local 33 v. America's Marble Source, Inc.*, 950 F.2d 114, 118–19 (3d Cir.1991); *McCoy v. Massachusetts Inst. of Technology*, 950 F.2d 13, 16–20 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1939, 118 L.Ed.2d 545 (1992); *Sturgis v. Herman Miller, Inc.*, 943 F.2d 1127, 1128–29 (9th Cir.1991); *Iron Workers Pension Fund v. Terotechnology Corp.*, 891 F.2d 548, 552–56 (5th Cir.), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990). Together, these cases support a much broader reading of the ERISA preemption provision than we recognized in *D & L Camp* and *Majestic Housing.*

Finally, the Trustees argue—as they did in the district court—that Congress narrowed the ERISA preemption provision when it enacted the 1980 amendments to ERISA. However, the language in the legislative history cited by the Trustees does not support their argument. *See, e.g.,* H.R.Rep. No. 869, 96th Cong., 1st Sess., pt. 2, at 48–49 (1980), 1980 U.S.C.C.A.N. 2993, 3037–3038. No one questions that Congress intended to facilitate collection actions against employers. At the same time, there seems to be no support for concluding that Congress intended to allow each state to expand liability for contributions to ERISA plans as it sees fit.

Accordingly, we affirm the judgments of the district court. We deny appellee's motion for attorneys fees pursuant to 29 U.S.C. § 1132(g).

AFFIRMED.