[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the defendants' motion to dismiss the plaintiffs' claims concerning employee benefit contributions claimed to be due for the benefit of employees of a subcontractor that performed work on a building project in Woodbridge.
The defendants seek dismissal on the basis that this court lacks subject matter jurisdiction because the plaintiffs' claims are preempted by the provisions of the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA") CT Page 6369 and that the federal court has exclusive jurisdiction over such claims.
The plaintiffs' suit is against Insurance Company of North America ("INA") and The Stone Building Company. The plaintiffs, the trustees of the Connecticut Bricklayers Pension Fund, allege that members of a labor union that is entitled to have employers contribute to that fund were hired by CA-MI Contracting, Inc., a masonry contractor that was a subcontractor of The Stone Building Company, the general contractor on the project known as the Jewish, Community Center in Woodbridge, which the plaintiffs allege was a bonded public project. The plaintiffs allege that CA-MI Contracting, Inc. failed to pay required pension and health fund contributions and that defendant Insurance Company of North America, Inc. is liable to them as surety on a labor and materials bond for the project, pursuant to § 49-42 C.G.S. That statute provides a cause of action to persons who have furnished labor or materials on a project for which a payment bond is furnished pursuant to § 49-41 C.G.S. to recover payments not made.
In their complaint, the plaintiff trustees characterize the pension fund and health fund as "employee benefit plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002 (3), and, specifically, as "multiemployer plans" within the meaning of29 U.S.C. § 1003 (37).
I. Standard of Review
A motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court. Practice Book § 142.Upson v. State, 190 Conn. 622, 624-25 n. 4 (1983); Carpenterv. Planning Zoning Commission, 176 Conn. 581, 587 n. 5 (1979). A court faced with a claim of lack of jurisdiction must determine its authority under the law to hear and determine cases of the general class to which the proceedings in question belong. LeConche v.Elligers, 215 Conn. 701, 709 (1990).
II. ERISA Preemption and Federal Court Jurisdiction
The parties agree that ERISA preempts state laws that "relate to" an employee benefit plan. See 29 U.S.C. § 1144 (a).[1] The parties further agree that § 49-42 C.G.S. concerns construction bonds and their enforcement and does not, on its face, regulate employee benefit plans but provides an enforcement mechanism by which breaches of obligations under such plans, like breaches of other obligations to pay for labor and benefits incurred in the CT Page 6370 course of a construction project, maybe redressed. The plaintiffs argue that their claim therefore arises solely under the state law obligation of the surety on the bond, not under any obligation imposed on the surety by ERISA, and that ERISA does not preempt their claims since it provides no redress against such a surety.
The defendants claim that because the surety's obligation to pay on the bond depends on the existence and breach of obligations arising from employee benefit plans, the suit on the bond "relates to" such plans within the meaning of 29 U.S.C. § 1144 (a) and is preempted and beyond this court's jurisdiction.
Originally, courts regarded such claims against sureties by fiduciary as not subject to ERISA's grant of exclusive jurisdiction to the federal courts. See Carpenters Southern CaliforniaAdministrative Corp. v. D L Camp Construction Co., Inc., 738 F.2d 999,1000 (9th Cir. 1984).
After the United States Supreme Court's rulings inMetropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985) and Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), the circuit courts, including the Ninth Circuit, have regarded state laws that supply alternative means for enforcing obligations arising under employee benefit plans as subject to federal preemption on and exclusive federal jurisdiction. See Trustees of Electrical WorkersHealth and Welfare Trust v. Marjo Corp. , 988 F.2d 865, 867-68 (9th Cir. 1992); Bricklayers Local 33 v. America's Marble Source,950 F.2d 114 (3d Cir. 1991); Prestridge v. Shinault, 552 So.2d 643
(La.App.Ct. 1989).
A state law may "relate to" an ERISA benefit plan and be preempted "even if the law is not specifically designed to affect such a plan or if the effect is only indirect." Ingersoll-Rand Co.v. McClendon, 498 U.S. 133, 137 (1990).
As Judge Jon O. Newman of the United States Court of Appeals for the Second Circuit noted in Aetna Life Insurance Co. v. Borges,869 F.2d 142 (2d Cir.), cert. denied, 493 U.S. 811
(1989); laws of general application whose effect on ERISA plans is incidental are not preempted while laws that have been ruled preempted are, inter alia, "those that provide an alternative cause of action to employees to collect benefits protected by ERISA."Aetna, supra, at 146. The bond statute at issue clearly provides an alternative cause of action for employees to collect benefits protected by ERISA, specifically, pension and health fund benefits. CT Page 6371 Adjudication of the liability of the surety will inevitably require adjudication as to what contributions were due. Unlike the escheat statute at issue in Aetna, which was found to have only an incidental affect on benefit plans, the statute invoked by the plaintiffs here specifically creates a cause of action for recovery of amounts claimed for labor on a project. To the extent that a surety has a right to reimbursement from the principal debtor once the surety has met its suretyship obligations, American Oil Co. v.Valenti, 179 Conn. 349, 354 (1979); the employee benefits plan itself can be affected by the plaintiff's recourse to the surety.
The preemption doctrine of ERISA is very broad. Ingersoll-RandCo. v. McClendon, supra, 498 U.S. 138. It was held not to extend to the garnishment of an employee's benefits under a regulated plan in Mackey v. Lanier Collection Agency and ServiceInc., 486 U.S. 825 (1988) only because the Supreme Court found an indication of amenability to garnishment and judgment enforcement provisions in both the text and legislative history of ERISA. The other cases in which causes of action have been found not to "relate to" employee benefit plans have been only those in which the effect on the plan is extremely tenuous, like the escheat statute in Aetna Life Insurance Co. v. Borges, supra, and the cases cited therein (e.g., actions to collect rent from a plan.)
Contrary to the plaintiffs' assertions, § 49-42 C.G.S. is analogous to a statute concerning the enforcement of judgment; rather, the operation of that statute will require initial adjudication of what payments were due to the employee benefit plan.
Recently, the federal trial courts have explicitly recognized that they have jurisdiction to decide claims brought against sureties for unpaid employment benefits. See Greenblatt v. DeltaPlumbing Heating Corp. , 818 F. Sup. 623 (S.D.N.Y. 1993). It does not therefore appear that the application of the ERISA preemption provisions will deprive the plaintiffs of a remedy.
This court finds that the plaintiffs' cause of action to recover employee benefits from the Stone Company itself and from the defendant surety is subject to the broad preemption doctrine of ERISA.
This court additionally finds that 29 U.S.C. § 1132 (e) provides that the federal courts have exclusive jurisdiction over claims CT Page 6372 such as the plaintiffs'.
Title 29 U.S.C. § 1132 (e) provides that "except for actions under section (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the secretary or by a participant, beneficiary, fiduciary, . . . . State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraph (1)(B) and (7) of subsection (a) of this section.
Those suits as to which ERISA recognizes concurrent state court jurisdiction, pursuant to § (a)(1)(B) are
 A civil action . . . brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
Section 1132 provides at § (a)(2) for suits brought by plan fiduciaries; however, the provisions of § 1132(e) indicate that this variety of enforcement action is not included in those suits as to which the state courts have concurrent jurisdiction.
As has been indicated above, the plaintiffs herein are not the participants or beneficiaries of the pension and health plans invoked, but the fiduciaries who administer these plans. The court therefore concludes that this case is a "civil action . . . brought by a fiduciary . . . to enforce the terms of [a] plan . . . [subject to the provisions of ERISA]" and that pursuant to § 1132(1)(a)(2) this court is without jurisdiction to hear it.
The motion to dismiss for lack of subject matter jurisdiction is granted.
Beverly J. Hodgson, Judge of the Superior Court