**PLUMBING INDUSTRY BOARD, PLUMBING LOCAL UNION NO. 1, Plaintiffs,**

v.

**L & L MASONS, INC., E.W. Howell Co., Inc., American Home Assurance Co., Inc., New York City School Construction Authority, T & L Fabricators, Inc. and Fire End & Coker Corp., Defendants.**

No. 95 Civ. 0173 (DC).

United States District Court, S.D. New York.

April 19, 1996.

Cooperman Levitt Winikoff Lester & Newman, P.C. by Robert N. Cooperman, Joanne A. Zervos, Edward J. Reich, New York City, for Plaintiffs.

McDonough Marcus Cohn & Tretter, P.C. by K. Richard Marcus, Lorraine D'Angelo, New York City, for Defendants.

## *MEMORANDUM DECISION*

CHIN, District Judge.

Plaintiff Plumbing Industry Board, Plumbing Local Union No. 1 ("PIB") brings this action against E.W. Howell ("Howell") and American Home Assurance Construction Co.,

Inc. ("American"),[1] asserting claims under New York's Lien Law and as a third-party beneficiary to a contract. PIB seeks to recover unpaid fringe benefit contributions.

Howell and American removed this action to this Court in January 1995, asserting the Employee Retirement Income Security Act of 1974 ("ERISA") as the basis for federal jurisdiction. They now move for summary judgment, arguing that PIB is not entitled to recovery under ERISA and that ERISA preempts PIB's state law claims. PIB has cross-moved for a remand to state court, contending that recent Second Circuit cases dictate that ERISA does not pre-empt their state claims. As discussed further below, ERISA pre-empts both § 5 of the New York Lien Law and PIB's common law contract claims. Accordingly, defendants' motion for summary judgment is granted.

## BACKGROUND

The undisputed facts are as follows:

On February 10, 1992, Howell entered into a contract (the "Contract") with the New York City School Construction Authority ("SCA") for the construction of the Townsend Harris High School in Queens, New York (the "Project"). In connection with the Project, Howell entered into a subcontract with Alumni, whereby Alumni was to perform certain plumbing work.

At the time of this subcontract, Alumni was part of a collective bargaining agreement with PIB. Pursuant to that agreement, Alumni was obligated, *inter alia*, to make contributions for fringe benefits to PIB's employee benefit plan. Howell was not a party to the collective bargaining agreement.

In December 1993, Alumni defaulted on its fringe benefit contributions and filed for bankruptcy. In response, PIB filed a notice of public improvement mechanic's lien, pursuant to § 5 of the New York Lien Law, against the interests of Howell in the amount of $160,000. To insure that it continued to receive payment from SCA, Howell dis-

charged the lien by filing a surety bond issued by American.

On December 12, 1994, PIB commenced this action in Supreme Court, New York County seeking to recover its unpaid fringe benefit contributions. The complaint is basically unintelligible. Giving it a generous interpretation, I will assume for the purposes of this motion that PIB intended to assert a claim for breach of contract (apparently on the theory that it is a third-party beneficiary to the Contract) and a claim to foreclose its lien. Howell and American removed the action to federal court, asserting that jurisdiction existed because ERISA pre-empted PIB's state law claims. These motions followed.

## DISCUSSION

PIB concedes that Howell and American are not "employers" as that term is used in ERISA § 3(5). Thus, PIB cannot recover under ERISA. Instead, PIB asserts that it has two viable state law claims. PIB argues that this Court lacks jurisdiction over these claims, and that consequently this action should be remanded to state court.

## I. ERISA Pre-emption

Section 514(a) of ERISA contains a specific pre-emption provision:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter (iii) of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title and not exempt under Section 1003(b) of this title.

29 U.S.C. § 1144(a). Subsection (b) of § 514 provides that "any law of any State which regulates insurance, banking, or securities," as well as any generally applicable state criminal law, is exempted from pre-emption. *Id.* at § 1144(b).

 Although this pre-emption provision has spawned extensive litigation, recent

---

1. Defendants L & L Masons, Inc., T & L Fabricators, Inc., and Fire End & Coker Corp. have not answered the complaint. They apparently were included in the action because they have filed liens with defendant New York City School Construction Authority, who also has not yet answered, against the same property as PIB's lien.

Supreme Court and Second Circuit cases clarify its meaning. The first step in determining whether a state law is pre-empted is to see whether that law makes specific reference to any plan covered by ERISA. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* —— U.S. ——, ——, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995); *Greenblatt v. Delta Plumbing & Heating Corp.,* 68 F.3d 561, 574 (2d Cir. 1995). If not, a court must determine whether pre-emption serves "the basic thrust of the pre-emption clause ... to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Blue Cross,* —— U.S. at —— – ——, 115 S.Ct. at 1677–78. Thus, a state law relates to an ERISA plan, and hence may be subject to pre-emption, when it "mandate[s] employee benefit structures or their administration" or "provide[s] alternate enforcement mechanisms." *Id.* at ——, 115 S.Ct. at 1678.

Applying the Supreme Court's interpretation, the Second Circuit held that ERISA does not pre-empt New York State's surety law because the law "makes no explicit reference to ERISA plans and does not bind the hands of ERISA trustees or regulate them in any fashion." *Greenblatt,* 68 F.3d at 574. Instead, the court found that the surety law had only an indirect effect on plan assets. *Id.* Similarly, the court held that the surety law does not conflict with any specific ERISA enforcement mechanisms because the "surety law does not touch upon any rights or duties incident to the ERISA plan itself, nor does it conflict with any ERISA cause of action." *Id.* at 574–75; *see also Bleiler v. Cristwood Constr., Inc.,* 72 F.3d 13, 16 (2d Cir.1995).

## II. *Lien Law Claim*

■ PIB argues that the New York State Lien Law ("Lien Law") at issue here is indistinguishable from the surety law at issue in *Greenblatt* and *Bleiler.* PIB is wrong for two reasons. First, § 5 of the Lien Law provides as follows:

A person performing labor for ... a contractor, his subcontractor or legal representative, for the construction or demolition of a public improvement ... and *any trust fund to which benefits and wage supplements are due or payable* for the benefit of such person performing labor, shall have a lien for the principal and interest of the value or agreed price of such labor, including benefits and wage supplements due or payable for the benefit of any person performing labor....

N.Y.Lien Law § 5 (McKinney 1993) (emphasis added). Thus, unlike the surety law, this provision specifically refers to a plan covered by ERISA. *Cf. Greenblatt,* 68 F.3d at 574; N.Y.Gen.Oblig.Law § 7–301 (McKinney 1989).

Second, this section provides an alternate enforcement mechanism that contradicts ERISA. In the surety context, the parties have an independent agreement or other basis for imposing the obligation to contribute to the fund—surety law simply provides a vehicle for enforcing that agreement. *Cf. Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 831–32, 108 S.Ct. 2182, 2186–87, 100 L.Ed.2d 836 (1988). In contrast, the lien law *creates* the obligation to contribute to the fund where such an obligation does not otherwise exist. Specifically, this section allows an ERISA plan to recover unpaid benefits by establishing a lien against proceeds due to a contractor or subcontractor, even if that contractor or subcontractor is not otherwise liable for such benefits under ERISA. Thus, the lien law conflicts with ERISA by permitting a cause of action in circumstances under which a cause of action is *not* permitted under ERISA. *See McCoy v. Massachusetts Inst. of Technology,* 950 F.2d 13, 18–20 (1st Cir.1991), *cert. denied,* 504 U.S. 910, 112 S.Ct. 1939, 118 L.Ed.2d 545 (1992); *Sturgis v. Herman Miller, Inc.,* 943 F.2d 1127, 1129–30 (9th Cir.1991); *Iron Workers Mid–South Pension Fund v. Terotechnology Corp.,* 891 F.2d 548, 556 (5th Cir.), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990). Accordingly, ERISA pre-empts § 5 of the Lien Law.[2]

---

2. For the first time in its reply brief, PIB contends that Howell either waived or is estopped

from asserting the pre-emption argument because it sought discharge of PIB's lien in state

Because ERISA pre-empts New York State's lien law, PIB's claim to foreclose its lien must fail. Similarly, PIB's claim against American to recover on the bond that discharged the lien exists only to the extent that PIB had a valid lien. Because the lien was not valid, PIB's claim against American must fail.

### III. *Contract Claim*

PIB also asserts a common law contract action, arguing that it is an intended third-party beneficiary of the Contract. This claim fails as well, however, for two reasons. First, this common law claim is pre-empted by ERISA. Section 515 of ERISA sets forth those parties who are liable for contributions to ERISA funds. In general, a party may not enforce an obligation that arises under ERISA through imposition of a common law contract claim, for such a common law claim "relates to" an employee benefit plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987).

As PIB concedes, Howell is not liable as an employer under ERISA § 515. To avoid this result, PIB asserts this common law contract claim, seeking the very contribution from Howell that it cannot receive under ERISA. This contract claim would thus impose a liability that does not exist under ERISA. Therefore, this claim contradicts ERISA by creating a new theory of recovery. *See Carpenters Health & Welfare Trust Fund v. Tri Capital Corp.*, 25 F.3d 849, 854, 855 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994); *Iron Workers,* 891 F.2d at 555; *cf. Blue Cross,* —— U.S. at ——, 115 S.Ct. at 1678. Accordingly, ERISA pre-empts this claim.

Second, even if ERISA did not pre-empt the contract claim, the claim would fail as a matter of law. New York law recognizes a third-party beneficiary's right to enforce a contract in certain situations. Specif-

ically, a third-party can enforce a contract when it is an intended, rather than an incidental, beneficiary. *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 495 N.Y.S.2d 1, 4–5, 485 N.E.2d 208, 211–12 (N.Y.1985). Here, PIB was simply not an intended third-party beneficiary of the Contract. The provision that purportedly bound Howell to make fund payments was nothing more than a promise to uphold the provisions of New York's labor law. The provision does not evidence any intent to benefit PIB or to make contributions to an ERISA fund. It merely evidences Howell's intent to fulfill the requirements of Labor Law §§ 220 and 220–d. At best, PIB is an incidental beneficiary of this contract provision.[3] Of course, that is not enough to assert a contract claim as a third-party beneficiary. Thus, PIB's claim under the Contract also must fail.

### IV. *Remaining Defendants*

The only logical interpretation of PIB's complaint is that the remaining defendants were included in this action simply to preserve PIB's priority with respect to the various liens filed with the SCA regarding the Project. Because I hold that PIB's lien is invalid, its claims against these remaining defendants are moot and consequently must also be dismissed.

### *CONCLUSION*

For the foregoing reasons, Howell and American's motion for summary judgment is granted and PIB's motion to remand is denied. The claims against the remaining defendants are also dismissed as moot. The Clerk of the Court is directed to enter judgment dismissing the action against all defendants.

SO ORDERED.

---

court. This contention is rejected. In seeking discharge of the lien, Howell did not take any position on pre-emption. Nor was it required at that time to institute an action in federal court seeking to vacate the lien. Thus, Howell has not taken inconsistent positions before different courts.

3. To the extent PIB seeks to recover fund contributions under N.Y.Labor Law § 220, such a claim is rejected as ERISA pre-empts that provision of New York law. *See General Elec. Co. v. New York State Dep't of Labor*, 891 F.2d 25, 29–30 (2d Cir.1989), *cert. denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990).