OPINION OF THE COURT
Matthew F. Coppola, J.
The primary issue presented on this motion is whether the plaintiffs’ union’s New York Lien Law claim is preempted by the Employee Retirement Income Security Act of 1974 ([ERISA] 88 US Stat 829). Because this court finds that ERISA does preempt the Lien Law claim, the issue of whether a fund still exists to which any such lien might attach is moot. If the issue were not moot, this court would find that Toys "R” Us Nytex Inc. (Toys "R” Us) had made all payments due on its contracts with defendant AJJ Electric of Westchester (AJJ) and that any inability of plaintiffs to challenge the complete documentation submitted by defendant United Pacific Insurance Company, W.S.A. Inc. (United Pacific) with respect thereto was due to defendants’ failure to make timely use of appropriate discovery methods.
Toys "R” Us entered into three separate contracts with AJJ pursuant to which AJJ was to perform certain work on a construction/renovation project located at 60 South Broadway, White Plains, New York. Plaintiffs allege that their employer, AJJ, was bound by a collective bargaining agreement with IBEW Local 3, White Plains, which required AJJ to make timely payment of contributions to the plaintiffs’ pension and welfare benefit funds for work performed on the project. According to the complaint, the pension and welfare benefit funds *455 are "Employee Benefit Plans” within the meaning of section (3) and (37) of ERISA (88 US Stat 833, 839; 29 USC § 1002 [3], [37]). Plaintiffs further claim that AJJ failed to pay the sum of $49,183.19 to the benefit fund for services provided by the plaintiffs to the project. On March 21, 1994, plaintiffs filed a notice of mechanic’s lien in the Westchester County Clerk’s office against the project. Toys "R” Us, as the lessee of the premises against which the lien was filed, obtained a bond issued by United Pacific discharging the subject lien upon a motion on notice to the plaintiffs. United Pacific now brings on this motion for summary judgment in the foreclosure action brought by plaintiffs.
Section 514 (a) of ERISA (88 US Stat 897) broadly and specifically provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4 (a) [29 USC § 1003 (a)] and not exempt under section 4 (b) [29 USC § 1003 (b)]”. (29 USC § 1144 [a].) The exemptions from preemption are not here applicable. As put by one of the leading cases in the area, "ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan’ covered by ERISA. 29 U.S.C. § 1144(a)” (Romney v Lin, 894 F Supp 163, 165, affd 94 F3d 74). The issue then becomes whether the New York State Lien Law provision is a State law which relates to an employee benefit plan covered by ERISA.
The Supreme Court of the United States has adopted a two-step approach to determine whether a State law is preempted. The first step is to see whether the State law makes specific reference to any plan covered by ERISA. If so, then preemption may be presumed, but not if the connection between the State statute and the benefit plan is too "tenuous, remote, or peripheral”. (Shaw v Delta Air Lines, 463 US 85,100, n 21.) Of course, "the Supreme Court has never found a statute to be preempted simply because the word ERISA (or its equivalent) appears in the text”. (NYS Health Maintenance Org. Conference v Curíale, 64 F3d 794, 800.) The reference to ERISA must have a legal effect (Thiokol Corp., Morton Intl., v Roberts, 76 F3d 751; NYS Health Maintenance Org. Conference v Curiale, supra). If there is no specific reference, the court must determine whether preemption facilitates "[t]he basic thrust of the preemption clause * * * to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans.” (New York State Conference of Blue Cross & Blue Shield Plans v Travelers Ins., 514 US 645, 657.) *456 The Court in Blue Cross specifically held that a State law could be subject to preemption if it "providefd] alternate enforcement mechanisms” (514 US, at 658).
In this case it is clear that the' State statute makes explicit reference to ERISA plans, remembering that a reference to ERISA plans may be explicit without actually using the term "ERISA plans”. (Travelers Ins. Co. v Pataki, 63 F3d 89, 94; see, e.g., District of Columbia v Greater Wash. Bd. of Trade, 506 US 125, 130; FMC Corp. v Holliday, 498 US 52, 59.) In this case the lien filed by the plaintiffs herein is based upon section 3 of the Lien Law (the opening section of art 2, entitled Mechanics’ Liens), which states in pertinent part that a person "who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor, and any trust fund to which benefits and wage supplements are due or payable for the benefit of such laborers, shall have a lien for the principal and interest, of the value, or the agreed price, of such labor, including benefits and wage supplements due or payable for the benefit of any laborer” (emphasis supplied). That there is a clear connection between the lien statute and an ERISA plan cannot be gainsaid; as noted previously, the complaint opens by stating that the plans for which contribution is sought are ERISA plans. Moreover, this court agrees with the recent holding in Plumbing Indus. Bd. v L & L Masons (927 F Supp 645) which passed on this very same issue and determined that the Lien Law made specific reference, with specific legal affect, to ERISA plans, thereby giving rise to preemption. This court also agrees with the following from that decision: "this section provides an alternate enforcement mechanism that contradicts ERISA * * * the lien law creates the obligation to contribute to the fund where such an obligation does not otherwise exist. Specifically, this section allows an ERISA plan to recover unpaid benefits by establishing a lien against proceeds due to a contractor or subcontractor, even if that contractor or subcontractor is not otherwise liable for such benefits under ERISA. Thus, the lien law conflicts with ERISA by permitting a cause of action in circumstances under which a cause of action is not permitted under ERISA * * * Accordingly, ERISA pre-empts § 5 of the Lien Law.” (Supra, at 648.)
The court notes that, at the time of submission and argument on this application, the parties did not have the benefit of the Plumbing Indus. case (supra). Thus, plaintiffs argued *457 against the application, stating correctly that no case in the Second Circuit had ruled specifically on the Lien Law problem. Although this court would have ruled in defendant’s favor in any case, the existence of precedent within our Federal jurisdiction renders it unnecessary to engage in a lengthy discussion of plaintiffs’ argument. The court does note, however, that it disagrees with plaintiffs’ attempt to analogize this case factually with Greenblatt v Delta Plumbing & Heating Corp. (68 F3d 561). In addition, the court finds no merit to plaintiffs’ argument that movant, because it is a surety rather than an employer, has no standing to raise the preemption issue. In Plumbing Indus., neither of the two moving defendants was an employer and standing was not an issue. Moreover, the surety must be considered to have the same rights and remedies as the lienee, a party who would perforce have standing to raise the issue, since it is the plaintiffs who, by invoking the provisions of the Lien Law, forced the lienee to choose between allowing a cloud on its property interest to persist through protracted litigation or to remove it by bonding. To accept an argument that plaintiffs’ reliance upon a statute precludes a challenge to the same statute in the event an ameliorative provision thereof is invoked would be to elevate form over substance.