170 F.3d 353
 23 Employee Benefits Cas. 1165,
Pens. Plan Guide (CCH) P 23952C
EKLECCO, a New York Partnership, Petitioner-Appellee,
v.
IRON WORKERS LOCALS 40, 361, & 417 UNION SECURITY FUNDS,
Respondent-Appellant.
 No. 1014, Docket 98-7688.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 14, 1999.
Decided March 22, 1999.
 
 Henry N. Christensen, Jr., Goshen, NY (Norton & Christensen, on the brief), for Petitioner-Appellee.
 Denis A. Engel, Garden City, NY (Colleran, O'Hara & Mills, on the brief), for Respondent-Appellant.
 Before: JACOBS, LEVAL, and SOTOMAYOR, Circuit Judges.
 JACOBS, Circuit Judge:
 Following a dispute in which a real estate developer (EklecCo) fired its building contractor (U.S. Bridge of New York, Inc.), the contractor placed a $13 million mechanic's lien on the building premises, defaulted on its obligations to a group of union security funds ("the Funds"), and cured its default in whole or part by assigning to the Funds $1.75 million of its lien. The Funds thereupon filed a new $1,878,866.79 mechanic's lien against the premises under section 3 of the New York Lien Law, which authorizes mechanic's liens to recover money owed for labor in connection with construction improvements to real property, see N.Y. Lien Law § 3 (McKinney 1993). This new lien is the subject of this case. EklecCo sued to discharge the lien on the ground that section 3 was preempted by section 514(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a) (1994). In a February 17, 1998 judgment and order, the United States District Court for the Southern District of New York (Brieant, J.) granted EklecCo's motion for summary judgment and discharged the lien on that ground.
 
 
 1
 According to the Funds, (i) Plumbing Industry Board, Plumbing Local Union No. 1 v. E.W. Howell Co., 126 F.3d 61 (2d Cir.1997), on which the district court relied, misapplies recent Supreme Court precedent and should not be followed in this case; (ii) even if ERISA preempts section 3 of the Lien Law, the district court erred in vacating the portions of the Funds' lien that secured non-ERISA union dues and vacation pay; and (iii) the third-party assignment to the Funds of U.S. Bridge's mechanic's lien and retainage from the construction project insulated the Funds' lien from ERISA preemption.
 
 
 2
 We affirm.
 
 BACKGROUND
 
 3
 EklecCo is a New York general partnership that developed and currently owns the Palisades Center, a regional mall in West Nyack, New York. EklecCo contracted with (among others) U.S. Bridge of New York, Inc. to build the mall. U.S. Bridge in turn employed on the project members of Iron Workers Local Union 417 pursuant to a collective bargaining agreement under which U.S. Bridge was required to contribute to the union's employee benefit plans. Those plans are (collectively) the appellant Union Security Funds, an entity within the ERISA definition of an employee benefit plan, see 29 U.S.C. § 1002(1)-(3).
 
 
 4
 In the summer of 1997, a dispute arose between EklecCo and U.S. Bridge regarding charges for "extras and change orders," and EklecCo declared a material default and refused to pay U.S. Bridge. As a result, U.S. Bridge defaulted on its contributions to the Funds.[1]
 
 
 5
 In October 1997, U.S. Bridge filed a mechanic's lien in excess of $13 million against the Palisades Center property. U.S. Bridge, having failed to make contributions to the Funds in connection with the aborted contract, later assigned to the Funds a portion of its mechanic's lien under section 14 of the New York Lien Law, as well as its retainage on the project. The record does not show whether the assignment was signed; the Funds' counsel concedes that it was never filed.
 
 
 6
 Rather than filing the assignment under section 14 of the New York Lien Law, the Funds on December 9, 1997 filed a separate mechanic's lien against the same property in the amount of $1,878,866.79 under section 3 of the Lien Law. EklecCo then petitioned the New York Supreme Court for an order discharging the lien under section 19(6) of the New York Lien Law, arguing that § 514(a) of ERISA, 29 U.S.C. § 1144(a), preempts section 3. The Funds promptly removed the case to the United States District Court for the Southern District of New York, and EklecCo moved for summary judgment.
 
 
 7
 In a ruling from the bench on January 30, Judge Brieant granted EklecCo's summary judgment motion, citing Plumbing Industry Board, which holds that section 5 of the New York Lien Law is preempted by ERISA because it provided an alternative mechanism for enforcing rights protected by ERISA, see 126 F.3d at 68-69. The district court ruled that there cannot be "a material distinction between Section 3 and Section 5. The language and the remedy are practically identical, and the remedy in Section 3 would duplicate or add to federal law, and the Court thinks that it's also preempted by ERISA." The district court found further support in the decision of the New York Supreme Court, Westchester County, in Faeth v. ACA Environmental Sevkos, Inc., 172 Misc.2d 453, 659 N.Y.S.2d 683 (Sup.Ct.1997), which holds that section 3 of the Lien Law is preempted by ERISA. The district court concluded that "the fact that the [lien] obligation may have been created by contract makes [no] difference on the issue of preemption." Finally, the district court rejected the argument that ERISA did not preempt the portion of the mechanic's lien securing unpaid amounts for union dues and vacation pay.
 
 
 8
 In its February 17, 1998 order and judgment, the district court vacated the Funds' mechanic's lien and dismissed without prejudice the Funds' counterclaims (involving state law causes of action) pursuant to Fed.R.Civ.P. 41(a) so as to achieve a final judgment. Appeal was taken only as to the vacatur of the Funds' lien.
 
 DISCUSSION
 
 9
 This Court reviews the district court's grant of summary judgment de novo. See Young v. County of Fulton, 160 F.3d 899, 902 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir.1998).
 
 
 10
 The Funds' defense of the $1,878,866.79 mechanic's lien falls between two stools. Insofar as section 3 of the New York Lien Law allows the placing of a mechanic's lien to secure employee benefits protected under ERISA, section 3 is preempted. Insofar as the mechanic's lien secures wages, it is invalid under section 3 of the New York Lien Law, which allows only trust funds "to which benefits and wage supplements are due or payable" to file a mechanic's lien. N.Y. Lien Law § 3.
 
 A. ERISA Preemption
 
 11
 In Plumbing Industry Board, we held that ERISA preempts section 5 of the New York Lien Law, which allows laborers on public works projects (and trust funds to which benefits and wage supplements are due or payable for the benefit of such laborers) to file mechanic's liens to secure claims for the value of their labor against the monies earmarked to pay for the project. See 126 F.3d at 68-69. This Court has concluded that the filing of a mechanic's lien under section 5 is a collection measure that impermissibly supplements the limited enforcement mechanisms enumerated in ERISA "for enforcing the rights protected by ERISA § 502(a)," and that section 5 was therefore preempted. Id. We wrote:
 
 
 12
 [Section 5] requires the general contractor--absent any ERISA requirement that he do so--to assume responsibility for the subcontractor-employer's benefit obligations. Because the state law impermissibly adds to the exclusive list of parties ERISA holds responsible for an employer's benefit obligations, it cannot stand.
 
 
 13
 Id. at 69.
 
 
 14
 For the purpose of preemption analysis, sections 3 and 5 of the New York Lien Law are the same. (The statutory texts are set forth in the margin.[2] ) Section 5 covers laborers working on public improvements (and certain trust funds, as specified above), while section 3 covers laborers working on real property improvements (and the same types of trust funds). We agree with Judge Brieant that the reasoning of Plumbing Industry Board compels the conclusion that ERISA preempts section 3, because that section also creates an alternative enforcement mechanism that (in this case) makes EklecCo--the property owner--liable for the ERISA obligations of U.S. Bridge as employer.
 
 
 15
 The Funds' brief argues that we should revisit Plumbing Industry Board because it ignored the Supreme Court's new direction for ERISA preemption cases signaled in New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). The Funds' principal argument is that ERISA could not have been intended to preempt mechanic's lien statutes because such statutes assist employees rather than harm them. However, the Travelers Court clearly indicated that any state statute providing an alternative enforcement mechanism to ERISA is preempted. See id. at 658, 115 S.Ct. at 1678. Further, the opinion in Plumbing Industry Board cites Travelers and its progeny, and thereby reflects awareness and consideration of that authority. See 126 F.3d at 66-68. We adhere to Plumbing Industry Board.
 
 B. Union Dues and Vacation Pay
 
 16
 Part of the Funds' mechanic's lien secures union dues and vacation pay. According to the Funds, ERISA does not protect such monies, and the lien to that extent cannot be impaired by any preemption of section 3.
 
 1. Union Dues
 
 17
 It is arguable that union dues fall outside the scope of ERISA. Cf. Lopresti v. Terwilliger, 126 F.3d 34, 41 (2d Cir.1997) (ERISA does not preempt a Trustee's common law conversion claim for union dues). On appeal, EklecCo has abandoned any argument that a supplemental state law mechanism for collecting union dues would be preempted by ERISA, and takes the tack that the Funds' lien is invalid insofar as it seeks to collect union dues because union dues are not among the obligations that may be enforced by lien. Section 3 of the New York Lien Law allows a mechanic's lien to be filed by "any trust fund to which benefits and wage supplements are due or payable ...." (emphasis added). Section 2(5-a) of the New York Lien Law defines "benefits and wage supplements" as
 
 
 18
 all remuneration for employment paid in any medium other than cash, or reimbursement for expenses, or any payments which are not "wages" within the meaning of the law, including, but not limited to, health, welfare, non-occupational disability, retirement, vacation benefits, holiday pay and life insurance.
 
 
 19
 N.Y. Lien Law § 2(5-a) (McKinney 1993) (emphasis added). Although union dues in this instance are sent directly to the union, they are deducted from wages, and therefore are not "benefits" or "wage supplements." The Funds' reply brief concedes that "union dues are considered wages, not 'supplements.' " Therefore, the portion of the lien seeking union dues is invalid under the New York Lien Law.[3]
 
 2. Vacation Pay
 
 20
 ERISA defines employee benefit plans to include a plan, fund, or program established or maintained to provide vacation benefits. See 29 U.S.C. § 1002(1) & (3). According to the Funds, the monies sought from EklecCo are for vacation pay, not vacation benefits, and are therefore outside the scope of ERISA preemption. The collective bargaining agreement seems to run counter to this argument; it provides that U.S. Bridge's contributions (and by extension, the Funds' mechanic's lien) "shall be used exclusively to provide vacation benefits to eligible employees...." (Emphasis added.)[4] But we need not decide the difficult questions of lien law and ERISA preemption seemingly presented by this claim. The vacation pay at issue is one thing or the other, wages or an ERISA-protected benefit. If it is wages, then the portion of the mechanic's lien seeking vacation pay is invalid under the New York Lien Law;[5] if it is an ERISA-protected benefit, then that portion of the lien must be discharged, given ERISA's preemption of section 3. We need decide nothing more to affirm.
 
 C. Assignment
 
 21
 Finally, according to the Funds, the mechanic's lien cannot be preempted by ERISA because it merely represents assigned portions of (i) U.S. Bridge's mechanic's lien and (ii) U.S. Bridge's retainage on the Palisades Center project, neither of which secures an ERISA obligation. We disagree. The lien at issue in this case--the Funds' $1,878,866.79 mechanic's lien--is not the product of any assignment of lien under New York law; it is a new lien altogether.
 
 
 22
 The Funds' mechanic's lien cannot be the assigned portion of U.S. Bridge's mechanic's lien. Section 14 of the New York Lien Law provides that for an assignment of a mechanic's lien to be effective, it must (i) be signed and acknowledged by the lienor (U.S.Bridge); (ii) contain the names and places of residence of the assignor (U.S.Bridge) and the assignee (the Funds); (iii) contain the amount of the lien and date of filing of the notice of lien; and (iv) be filed in the office where the notice of the lien assigned is filed (Rockland County). N.Y. Lien Law § 14 (McKinney 1993). The assignment agreement appearing in the record satisfies requirements (ii) and (iii); but the record does not establish that it was signed by U.S. Bridge or filed in the Rockland County Clerk's Office. Although section 14 of the New York Lien Law states that failure to file (requirement (iv)) shall not generally affect the validity of an assignment, it does not provide the alternative of filing a separate mechanic's lien. See id.
 
 
 23
 Likewise, the Funds' mechanic's lien cannot represent the assigned portion of U.S. Bridge's retainage. Third-party assignment of retainage, or other claims, cannot serve as the predicate for a mechanic's lien under New York law. See Dember Constr. Corp. v. P & R Elec. Corp., 76 A.D.2d 540, 543-44, 431 N.Y.S.2d 586, 589 (2d Dep't 1980); Hall v. Carl G. Ek & Son Constr. Co., 17 A.D.2d 558, 559-60, 236 N.Y.S.2d 555, 556 (4th Dep't 1963) ("Since 1871 ... it has been the law of this state that the assignee of a claim may not file a lien.") (citing Rollin v. Cross, 45 N.Y. 766 (1871)); 76 N.Y. Jur.2d Mechanic's Liens § 101 (1989). Therefore, the Funds' mechanic's lien depends entirely on section 3 of the New York Lien Law (which is preempted by ERISA for reasons stated in Plumbing Industry Board ), not on any assignment from U.S. Bridge.
 
 
 24
 We do not decide whether a proper assignment to the Funds of all or part of U.S. Bridge's mechanic's lien would be effective; no such assignment is before us. We hold that the Funds' $1,878,866.79 mechanic's lien was properly discharged by the district court.
 
 CONCLUSION
 
 25
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The record reflects no effort by the Funds to enforce its ERISA remedies against U.S. Bridge
 
 
 [2]
 Section 5 provides in relevant part:
 § 5. Liens under contracts for public improvements
 A person performing labor for ... a contractor, his subcontractor or legal representative, for the construction or demolition of a public improvement pursuant to a contract by such contractor with the state or a public corporation, and any trust fund to which benefits and wage supplements are due or payable for the benefit of such person performing labor, shall have a lien for the principal and interest of the value or agreed price of such labor, including benefits and wage supplements due or payable for the benefit of any person performing labor, ... upon filing a notice of lien as prescribed in this article....
 N.Y. Lien Law § 5 (McKinney 1993).
 Section 3 provides in relevant part:
 § 3. Mechanic's lien on real property
 A contractor, subcontractor, laborer, materialman, landscape gardener, nurseryman, ... and any trust fund to which benefits and wage supplements are due or payable for the benefit of such laborers, shall have a lien for the principal and interest, of the value, or the agreed price, of such labor, including benefits and wage supplements due or payable for the benefit of any laborer, ... from the time of filing a notice of such lien as prescribed in this chapter.
 N.Y. Lien Law § 3 (McKinney 1993).
 
 
 [3]
 The district court expressed its willingness to resolve the vestigial state law issues after deciding the preemption claim upon which removal was predicated. See 28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988). In that exercise of discretion, we follow suit
 
 
 [4]
 This collective bargaining agreement creates a multiemployer plan for ERISA purposes, see 29 U.S.C. § 1002(37)(A) (multiemployer plan is plan to which more than one employer is required to contribute, and which is maintained pursuant to one or more collective bargaining agreements), and "undoubtedly" falls within ERISA's scope, see Massachusetts v. Morash, 490 U.S. 107, 114, 109 S.Ct. 1668, 1672, 104 L.Ed.2d 98 (1989)
 
 
 [5]
 See supra note 3