943 F.2d 1127
 60 USLW 2185, 14 Employee Benefits Cas. 1611
 M.C. STURGIS, et al., Plaintiff-Appellants,
v.
HERMAN MILLER, INC., NVE Constructors, Inc., Columbia Steel
Fabricators, Inc., Does 1-20; Doe 16, Lawyers
Surety Company, Defendant-Appellees.
 No. 90-15054.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 12, 1991*.
Decided Sept. 3, 1991.
 
 Patrick M. Hevesy, Los Angeles, Cal., for plaintiff-appellants.
 Aldo Branch, and Richard M. Peekema, San Jose, Cal., for defendant-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before PREGERSON, NOONAN, and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 This appeal presents the issue whether the Employee Retirement Income Security Act of 1974 ("ERISA") preempts a California statute that grants an employee trust, established pursuant to a collective bargaining agreement, a mechanic's lien to collect unpaid employer contributions due for employee fringe benefits. After finding that ERISA preempted the state lien statute, the district court dismissed an action brought by M.C. Sturgis and the other trustees of the California Field Ironworkers Trust Fund (the "Trustees") seeking to collect on a mechanic's lien release bond. We affirm.
 
 FACTS
 
 2
 The Trustees administer the California Field Ironworkers Trust Funds. Columbia Steel Fabricators ("Columbia") was a signatory to a collective bargaining agreement requiring employer contributions for the pension, health, welfare, vacation and other benefits of each of its field ironworker employees. When Columbia did not make the contributions due for work done on property owned by a third party, the Trustees recorded a mechanic's lien on the property pursuant to California Civil Code § 3111. The Trustees then brought this action in California Superior Court to enforce the lien. Columbia and its surety posted a mechanic's lien release bond in favor of the Trustees. The Trustees amended the complaint to state a claim on the release bond, and dismissed all parties except Columbia and its surety.
 
 
 3
 Columbia and its surety removed the action to federal court, and moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, holding that ERISA preempts California Civil Code § 3111. This appeal followed.
 
 DISCUSSION
 
 4
 "ERISA § 514(a) pre-empts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by the statute." Mackey v. Lanier Collection Agency and Service, Inc., 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988) (quoting 29 U.S.C. § 1144(a)). ERISA preemption is not limited to "state law specifically designed to affect employee benefit plans." Shaw v. Delta Airlines, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Instead, a state law "relates to" a benefit plan if it has a "connection with or reference to such a plan" whatever the state law's underlying intent. Id. at 97, 103 S.Ct. at 2900.
 
 
 5
 California Civil Code § 3111 permits the trustee of an express trust, established pursuant to a collective bargaining agreement requiring employer payments or supplemental fringe benefits, to acquire a mechanic's lien on real property for unpaid contributions. Cal.Civ.Code § 3111.[1]
 
 
 6
 Although Cal.Civ.Code § 3111 makes no explicit reference to ERISA (cf. Mackey, 486 U.S. at 829, 108 S.Ct. at 2185), the statute describes trusts established to receive employer's contributions "on account of fringe benefits supplemental to a wage agreement." Cal.Civ.Code § 3111. Such trusts exist to implement employee benefit plans. Section 3111, therefore, must be construed as a law "specifically designed to affect employee benefit plans," see Mackey, 486 U.S. at 829, 108 S.Ct. at 2185. As such, it is "related to" ERISA, whether we interpret it as a statute which has a "reference" to an employee benefit plan or a "connection with" such a plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552-53, 95 L.Ed.2d 39 (1987); see also Mackey, 486 U.S. at 829, 108 S.Ct. at 2185.
 
 
 7
 Here, the Trustees argue Cal.Civ.Code § 3111 creates no state law cause of action or remedy, but instead provides merely a mechanism through which the trustees can collect what is due the trust. It thus resembles, the Trustees urge, the general garnishment statute upheld by the Supreme Court in Mackey.
 
 
 8
 In Mackey, a collection agency, acting pursuant to Georgia law, tried to levy writs of garnishment on an employee welfare benefit plan to intercept and collect vacation benefit money owed to the participants. Georgia had an antigarnishment statute which exempted from garnishment "[f]unds or benefits of [an] ... employee benefit plan or program subject to [ERISA]." Ga.Code Ann. § 18-4-22.1 (1982). The Court held that even though this antigarnishment statute was enacted to "help effectuate ERISA's underlying purposes" it was nonetheless preempted by ERISA. Mackey, 486 U.S. at 829, 108 S.Ct. at 2185.
 
 
 9
 Once it found the antigarnishment statute preempted, the Mackey Court turned to an analysis of Georgia's general state garnishment statute. The Court concluded that ERISA did not preempt the general garnishment statute because the state statute provided a mere mechanism for the collection of judgments against plan participants. The Court noted that ERISA specifically provided that plans could "sue and be sued." Id. at 833, 108 S.Ct. at 2187. Because ERISA does not provide mechanisms to execute judgments won against plans, the Court reasoned these mechanisms had to be supplied by state law. Id. at 834, 108 S.Ct. at 2187-88. Moreover, "[w]hen Congress provides by law that an entity may 'sue and be sued,' this includes 'all civil process[es] incident to ... legal proceedings' including '[g]arnishment and attachment.' " Id. at 834 n. 9, 108 S.Ct. at 2187 n. 9 (quoting FHA v. Burr, 309 U.S. 242, 245-46, 60 S.Ct. 488, 490-91, 84 L.Ed. 724 (1940)). Finally, the Court observed that "lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan ... are relatively commonplace." Id. at 833, 108 S.Ct. at 2187. If attachment of ERISA plan funds to enforce judgments won in these kinds of actions do not relate to an ERISA plan, the Court reasoned, "we do not see how [the collection agency's] proposed garnishment order would do so." Id. at 834, 108 S.Ct. at 2187.
 
 
 10
 The Court was careful to point out, however, that under Georgia law,
 
 
 11
 [G]arnishment is a "procedural" mechanism for the enforcement of judgments. Georgia's statute that provides for garnishment creates no substantive causes of action, no new bases for relief, or any grounds for recovery; the Georgia garnishment law does not create the rule of decision in any case affixing liability. Rather under Georgia law, postjudgment garnishment is nothing more than a method to collect judgments otherwise obtained by prevailing on a claim against the garnishee.
 
 
 12
 Id. at 835 n. 10, 108 S.Ct. at 2188 n. 10 (emphasis in original).
 
 
 13
 The gravamen of the Trustees' argument under Mackey is that just as the writ of garnishment in Mackey was a procedural device--a mere mechanism--to collect a debt, so is the mechanic's lien mechanism provided by Cal.Civ.Code § 3111. We disagree. Unlike the generally applicable garnishment statute reviewed in Mackey, section 3111 contains a clear reference to and connection with ERISA. It singles out employee benefit plans for the specific purpose of according them lien rights on real property to collect delinquent employer contributions. In this reference to and connection with employee benefit plans, it resembles Georgia's preempted antigarnishment statute. True, Cal.Civ.Code § 3111 does not expressly use the term "ERISA" as the antigarnishment statute did in Mackey. But it need not do so where the statute obviously singles out ERISA plans. Mackey, 825 U.S. at 831, 108 S.Ct. at 2186. There can be no doubt that section 3111 accords ERISA plans a unique procedural benefit by conferring upon them special mechanic lien rights to collect delinquent contributions. Accordingly, ERISA preempts Cal.Civ.Code § 3111.[2]
 
 
 14
 AFFIRMED.
 
 
 15
 PREGERSON, Circuit Judge, dissenting.
 
 
 16
 In Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), the Supreme Court held that a Georgia statute exempting employee benefit plans from the reach of the state's general garnishment statute is pre-empted by ERISA. More importantly to this case, however, the Court also concluded that ERISA does not pre-empt Georgia's general garnishment statute. The Court explained that, because ERISA provides no procedures for the collection of judgments, "Congress did not intend to forbid the use of state-law mechanisms of executing judgments." Id. at 831, 108 S.Ct. at 2186. Because I believe the mechanic's lien provided by Cal.Civ.Code § 3111, like the garnishment procedure in Mackey, is not pre-empted by ERISA, I respectfully dissent.
 
 
 17
 The majority finds that section 3111 is pre-empted by ERISA because it "contains a clear reference to and connection with ERISA." Majority opinion at 1129. I do not read Mackey, however, to hold that a mere reference in a state statute to an employee benefit trust fund controls the pre-emption question. Rather, a careful reading of Mackey teaches us that the determinative pre-emption factor is whether the state-law enforcement procedure in question singles out ERISA plans for special treatment. Mackey, 486 U.S. at 830, 108 S.Ct. at 2185 ("we hold that [the Georgia statute], which singles out ERISA employee welfare benefit plans for different treatment under state garnishment procedures, is pre-empted") (footnote omitted); id. at 838 n. 12, 108 S.Ct. at 2189 n. 12 ("While we believe that state-law garnishment procedures are not pre-empted ..., we also conclude that any state law which singles out ERISA plans, by express reference, for special treatment is pre-empted. It is this 'singling out' that pre-empts the Georgia antigarnishment exception.") (citation omitted). Normally, a statute that explicitly refers to ERISA plans will also "single out" such plans for special treatment, and therefore will be pre-empted by ERISA, but this result is not necessarily so.
 
 
 18
 The majority errs by not viewing section 3111 in the context of California's general mechanic's lien laws. California creates mechanic's liens in favor of "[m]echanics, materialmen, contractors, subcontractors, lessors of equipment, artisans, architects, registered engineers, licensed land surveyors, machinists, builders, teamsters, and draymen, and all persons and laborers of every class performing labor upon or bestowing skill or other necessary services...." Cal.Civ.Code § 3110. Section 3111 provides the same lien to employee benefit trust funds for unpaid employer contributions. California thus does not single out ERISA plans for special treatment, but gives ERISA plans the same procedure to recover unpaid employer contributions as California gives to employees who are not members of ERISA plans.
 
 
 19
 Employee benefits (which may include pension, health, welfare, and vacation benefits) are an important part of an employee's compensation. The result of the majority's opinion is that employees who are not members of ERISA plans may use mechanic's liens to ensure that employers fulfill their obligations to pay benefits--but members of ERISA plans may not. This turns the logic of Mackey on its head. Mackey precludes state laws that single out ERISA plans; it does not prohibit even-handed state-law enforcement procedures.
 
 
 20
 In many instances, the mechanic's lien may be the only way for an ERISA plan to protect fully the interests of its employee beneficiaries. The majority places employee benefits unnecessarily at risk by eliminating this important state-law enforcement measure. See Mackey, 486 U.S. at 834, 108 S.Ct. at 2187 ("state-law methods for collecting money judgments must, as a general matter, remain undisturbed by ERISA; otherwise, there would be no way to enforce such a judgment"). Because I believe ERISA does not preclude an ERISA plan from using the mechanic's lien provisions provided by California statute, I respectfully dissent.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 California Civil Code § 3111 provides:
 For purposes of this chapter, an express trust fund established pursuant to a collective bargaining agreement to which payments are required to be made on account of fringe benefits supplemental to a wage agreement for the benefit of a claimant on particular real property shall have a lien on such property in the amount of the supplemental fringe benefit payments owing to it pursuant to the collective bargaining agreement.
 Cal.Civ.Code § 3111 (West 1974).
 
 
 [2]
 The Fifth Circuit in Iron Workers Mid-South Pension Funds v. Terotechnology Corp., 891 F.2d 548 (5th Cir.1990), held that ERISA preempted a strikingly similar Louisiana statute. The court analyzed the Louisiana statute and ERISA preemption in terms of the substantive right created by the statute, as opposed to the enforcement mechanism discussed in Mackey, and the inclusion in ERISA of what the court stated were civil enforcement provisions which authorized collection by a fiduciary of obligations owed to the trust, authorization which the court concluded encompassed the civil enforcement provision of the Louisiana statute
 Because we resolve the question of preemption in the present case on the basis of the California statute's reference to and connection with ERISA plans, we do not consider the additional grounds on which the Fifth Circuit determined preemption in Terotechnology.