Chestnut-Adams Limited Partnership *v.* Bricklayers & Masons Trust Funds of Boston.

CHESTNUT-ADAMS LIMITED PARTNERSHIP & others[1] *vs.*
THE BRICKLAYERS AND MASONS TRUST FUNDS OF BOSTON,
MASSACHUSETTS & others[2]
(and a companion case[3]).

Suffolk. March 4, 1993. - April 28, 1993.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Constitutional Law*, Federal preemption. *Employee Retirement Income Security Act. Jurisdiction*, Federal preemption. *Mechanic's Lien.*

In circumstances in which the trustee of a union employee benefit plan sought to enforce a mechanic's lien on certain land, a claim by the owners of the land that G. L. c. 254, the Massachusetts mechanic's lien statute, was preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., raised a question of subject matter jurisdiction, which could properly be considered for the first time in this court [90]; furthermore, considering the merits of the preemption claim, this court concluded that, at least in cases where the trustee of an ERISA fund seeks to enforce a mechanic's lien, G. L c. 254 is preempted by 29 U.S.C. § 1144 (a) [90-95].

CIVIL ACTIONS commenced in the Superior Court Department on March 31, 1989, and October 1, 1990, respectively.

The cases were consolidated for trial and reported to the Appeals Court by *Hiller B. Zobel*, J. The Supreme Judicial Court transferred the matter on its own initiative.

*Edward M. Wheeler* for the plaintiffs.

---

[1] Arthur E. Shea and Joseph R. Savage, two of the three limited partners.

[2] Massachusetts Bay Restoration, Inc., and its owner, Ernest Penachio.

[3] The Bricklayers and Masons Trust Funds of Boston, Massachusetts *vs.* Somrock Corp. & another.

*Doris R. MacKenzie Ehrens* for The Bricklayers and Masons Trust Funds of Boston, Massachusetts.

NOLAN, J. This appeal raises an issue of first impression before this court, i.e., whether the Massachusetts mechanic's lien statute, G. L. c. 254 (1990 ed.), is preempted by the Federal Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq. (1988 & Supp. II 1990), at least in cases where the trustee of an ERISA fund seeks to enforce such a lien. Because we conclude that ERISA does preempt the mechanic's lien statute, we do not reach the other issues raised in this appeal. The parties have agreed to a joint stipulation of undisputed facts which we will now summarize. Sometime in early 1988, Chestnut-Adams, a Massachusetts limited partnership, hired J.A. Ryan, Inc. (J.A. Ryan), a general contractor, to construct a residential condominium building in the Charlestown section of Boston on land owned by Chestnut-Adams. On October 15, 1988, J.A. Ryan then subcontracted with Massachusetts Bay Restoration, Inc. (Mass. Bay), to perform the masonry work on the project. Mass. Bay employed members of the International Union of Bricklayers and Allied Craftsmen (union). The contract between Mass. Bay and the union bound the parties to an earlier collective bargaining agreement between the union and the Building Trades Employers' Association of Boston and Eastern Massachusetts of which Mass. Bay is a member. This collective bargaining agreement obligated Mass. Bay to pay fringe benefit contributions to the Bricklayers and Masons Trust Funds (Funds) established for union members. The union members commenced work on the Charlestown project in October, 1988.

On January 3, 1989, the union ordered its members to stop working on the Charlestown project, charging that Mass. Bay was delinquent in its contributions to the Funds. J.A. Ryan, refusing to cover Mass. Bay's deficiency, instead exercised its right under the subcontract to terminate Mass. Bay's employment. J.A. Ryan then hired a nonunion masonry company which completed the project on or about April 6, 1989.

On February 22, 1989, the trustee of the Funds recorded two notices of contract in the Suffolk County registry of deeds in an attempt to establish a lien against the Charlestown property pursuant to G. L. c. 254, § 4, for the amount of delinquent contributions.[4] Copies of the notices of contract were sent to Chestnut-Adams. On March 1, 1989, the trustee also recorded a statement of account in the Suffolk County registry of deeds and again copies were sent to Chestnut-Adams. Chestnut-Adams then recorded an objection to notice of contract and notified the Funds' legal counsel. On March 31, 1989, Chestnut-Adams filed a complaint seeking declaratory relief and dissolution of the lien. The Funds counterclaimed on April 25 to establish and enforce the lien. Both parties moved for summary judgment.

During this litigation, Chestnut-Adams conveyed the Charlestown property to Somrock Corp. (Somrock), a Massachusetts corporation. On July 3, 1990, Somrock, pursuant to G. L. c. 254, § 14, recorded a bond at the registry which effectively dissolved the Funds' contested lien. Consequently, the Funds' trustee filed a complaint on October 1, 1990, against Somrock and its surety, Seaboard Surety Company, to enforce the bond.

A motion to consolidate was allowed on May 31, 1991, and the consolidated matter was reported to the Appeals Court without decision as authorized by Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We then transferred the appeal to this court on our own motion.

---

[4]General Laws c. 254, § 4 (1990 ed.), reads in part: "Whoever, subsequent to the date of the original contract, furnishes labor or material . . . or performs labor, under a written contract with a contractor, or with a sub-contractor of such contractor, may file in the registry of deeds for the county or district where such land lies a notice of his contract . . . . Upon filing a notice, as hereinbefore provided, and giving actual notice to the owner of such filing, the sub-contractor shall have a lien to secure the payment . . . . Such notice may also be filed by the trustee or trustees of a fund or funds, described in section one, providing coverage or benefits to any person performing labor under a written contract with a contractor, or with a subcontractor of such contractor."

At the threshold, we address the Funds' claim that the preemption issue is not properly before this court because it was raised for the first time on appeal. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977), and cases cited. However, in *Barry* v. *Dymo Graphic Syss., Inc.*, 394 Mass. 830, 835 (1985), we expressly held that ERISA preemption may be raised for the first time on appeal. Our reasoning is straightforward. Where Congress has chosen to foreclose non-Federal regulation in a given area, the supremacy clause in art. 6 of the Constitution of the United States prohibits a State from applying its own law to that exclusively Federal area.[5] See *Florida Lime & Avocado Growers, Inc.* v. *Paul*, 373 U.S. 132, 142 (1963); *Gibbons* v. *Ogden*, 22 U.S. (9 Wheat.) 1, 209-210 (1824). Hence, in areas under exclusive Federal control, the supremacy clause effectively removes a State court's subject matter jurisdiction. Although a State court retains jurisdiction to rule on Federal questions within those areas, it may not apply State law. See *Gibbons*, *supra.* The Supreme Court of the United States has held repeatedly that Congress intended ERISA to preempt State action in all but a very limited number of areas. E.g., *Shaw* v. *Delta Air Lines, Inc.*, 463 U.S. 85, 104 (1983). Thus, we concluded that an ERISA preemption claim introduces an issue of subject matter jurisdiction, and because subject matter jurisdiction can never be waived, *Litton Business Syss., Inc.* v. *Commissioner of Revenue*, 383 Mass. 619, 622 (1981), citing Mass. R. Civ. P. 12 (h) (3), 365 Mass. 754 (1974), it may be raised for the first time on appeal. *Barry*, *supra* at 836.

Turning to the merits of the preemption claim, we note first that "the question whether a certain state action is preempted by federal law is one of congressional intent." *Ingersoll-Rand Co.* v. *McClendon*, 498 U.S. 133, 137-138 (1990),

---

[5]The supremacy clause of art. 6 reads: "This constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding."

quoting *Allis-Chalmers Corp.* v. *Lueck*, 471 U.S. 202, 208 (1985). We discern congressional intent by examining the language, structure, and purpose of the statute. *Ingersoll-Rand Co., supra*, and cases cited. As we recognized in *Barry, supra* at 836, ERISA preempts "any and all State laws insofar as they may . . . *relate to* any employee benefit plan" (emphasis added). 29 U.S.C. § 1144 (a).[6] A law "relate[s] to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw, supra* at 96-97. Thus, even State laws which are consistent with the substantive terms of ERISA, see *Metropolitan Life Ins. Co.* v. *Massachusetts*, 471 U.S. 724, 739 (1985), or have only an indirect effect, *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41, 47 (1987), may still "relate to" an employee benefit plan and, consequently, be preempted by 29 U.S.C. § 1144(a). The United States Supreme Court has held that this "deliberately expansive" language establishes employee benefit plan regulation "as exclusively a federal concern." *Ingersoll-Rand Co., supra* at 138, quoting *Pilot Life Ins. Co., supra* at 46. We, therefore, cannot escape the conclusion that the remarkably capacious language of § 1144 (a) indicates unmistakably that Congress intended ERISA to preempt State regulation of employee benefit plans as broadly as possible. See *Florida Lime & Avacado Growers, Inc., supra* at 142. Indeed, the legislative history of ERISA permits no other reasonable interpretation. *Shaw, supra* at 98-99.

In *McCoy* v. *Massachusetts Inst. of Technology*, 950 F.2d 13, 23 (1st Cir. 1991), cert. denied, 112 S. Ct. 1939 (1992), the United States Court of Appeals for the First Circuit held that the Massachusetts mechanic's lien law, G. L. c. 254, was preempted by operation of 29 U.S.C. § 1144 (a). Chapter 254, § 1, provides, inter alia, that a "person to whom a

---

[6]Congress exempted certain employee benefit plans from ERISA coverage. 29 U.S.C. § 1003 (b). These exceptions do not apply here. ERISA also precludes preemption of "any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144 (b) (2) (A). The mechanic's lien involved in this case clearly does not belong in any of the three exempt categories.

debt is due for personal labor performed [on] . . . a building or structure . . . [may secure] a lien upon such building or structure." Section 1 also expressly states:

> "For purposes of this chapter, a person shall include . . .
> the trustee or trustees of any fund or funds, established
> pursuant to section 302 of the Taft Hartley Law (29
> USC 186), providing coverage or benefits to said per-
> son. The trustee or trustees of any such fund or funds
> shall have all the liens under this chapter that any per-
> son has. The trustee or trustees shall also have the right
> to enforce said liens pursuant to this chapter."

The trustees of such funds may also file a notice of contract supporting the lien. See note 4, *supra.* The lien may be enforced in a civil proceeding. G. L. c. 254, § 5. The *McCoy* court reasoned that, because the lien statute "expressly singles out ERISA plans for special treatment," it "cannot withstand the preemptive force of [29 U.S.C. § 1144(a)]." *Id.* at 19, 20. We agree.

"[A]ny state law which singles out ERISA plans, by express reference, for special treatment is pre-empted." *Mackey* v. *Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 838 n.12 (1988). Normally, a mechanic's (or laborer's) lien on property is not awarded to trustees of employee benefit funds simply because the benefit funds did not provide the material or the labor for the construction of that property.[7]

---

[7]Addressing a remarkably similar mechanic's lien statute, the Supreme Court of California reasoned:

> "To be sure, [California law] does treat ERISA plans the same as
> other parties whose claims are based on having furnished labor or
> materials for a construction project. The significant difference, how-
> ever, is that ERISA plans do not furnish labor or materials for con-
> struction projects. Accordingly, to treat them as persons who do fur-
> nish labor or materials is to single them out for special treatment."
> *Carpenters S. Cal. Admin. Corp.* v. *El Capitan Dev. Co.,* 53 Cal. 3d
> 1041, 1049 (en banc), cert. denied, 502 U.S. 963 (1991).

The court concluded that the State mechanic's lien law relates to ERISA plans, and therefore was preempted. *Id.*

See Black's Law Dictionary 981 (6th ed. 1990). Chapter 254, however, expressly grants an enforceable mechanic's lien to trustees of those funds which were established pursuant to § 302 of the Taft-Hartley Act. G. L. c. 254, § 1. Trustees of non-ERISA funds cannot establish a lien under that chapter. *Id.* Section 1144 (a) applies to all "employee benefit plan[s]" as defined in § 1002 (3). That definition includes "any benefit described in [29 U.S.C. § 186 (c)]," which is § 302 of the Taft-Hartley Act. § 1002 (1) (B). Thus, "any plan that grants benefits under 29 U.S.C. § 186, which is another way of describing any plan that grants benefits under section 302 of the Taft-Hartley Act, is by definition an ERISA plan." *McCoy, supra* at 19. In this case the Funds were established pursuant to § 302 of the Taft-Hartley, 29 U.S.C. § 186. Therefore, the Funds are part of an ERISA plan which G. L. c. 254 singles out for special treatment by authorizing a mechanic's lien. Consequently, G. L. c. 254 is a law which "relate[s] to an employee benefit plan" for the purposes of the § 1144 (a) preemption clause. See *Mackey, supra* at 829.

Nonetheless, the Funds argue that State action is not preempted if its effect is "too tenuous, remote or peripheral." *Shaw, supra* at 100 n.21. *McCoy, supra* at 17, and cases cited. They cite to *Mackey* for the proposition that ERISA does not preempt evenhanded, "run-of-the-mill state-law claims." *Id.* at 832, 833 (ERISA does not preempt Georgia garnishment procedures); *Plumber's Local 458 Holiday Vacation Fund* v. *Howard Immel, Inc.*, 151 Wis. 2d 233, 240 (Ct. App. 1989) (ERISA does not preempt State construction lien law of general application which lacks specific reference to ERISA). To a certain extent, we agree with the Funds' claim; ERISA surely does not preempt judgment-enforcing laws of general application whose effect on ERISA is only incidental. On the other hand, the mechanic's lien law, as discussed above, is neither evenhanded in its application to ERISA plans nor remote in its effect. As such, it is far more analogous to the Georgia garnishment law which specifically excepted ERISA plans and which the *Mackey* Court struck

down. *Id.* at 841. Compare *Iron Workers Mid-South Pension Fund* v. *Terotechnology Corp.*, 891 F.2d 548, 556 (5th Cir.), cert. denied, 497 U.S. 1024 (1990) (ERISA preempts operation of Louisiana's mechanic's lien statue); *Sturgis* v. *Herman Miller, Inc.*, 943 F.2d 1127, 1129-1130 (9th Cir. 1991) (ERISA preempts California lien law which singles out ERISA plans without express reference).

Moreover, application of the mechanic's lien law to the collection of delinquent contributions is inconsistent with the remedies provided by ERISA. See *Carpenters S. Cal. Admin. Corp.* v. *El Capitan Dev. Co.*, 53 Cal. 3d 1041, 1052 (en banc), cert. denied, 502 U.S. 963 (1991) ("ERISA preempts new state-law causes of action for the collection of contributions because . . . ERISA itself provides the remedies"). As to enforcement of judgments against beneficiaries of an ERISA plan, the *Mackey* Court noted that ERISA was silent and held, therefore, that ERISA does not disturb State garnishment procedures. *Id.* at 831-834. As to the delinquent contributions at issue here, Congress, in sharp contrast, intended ERISA to provide the *exclusive* remedy. *Ingersoll-Rand Co.*, *supra* at 144, citing *Pilot Life Ins. Co.*, *supra* at 54. See 29 U.S.C. §§ 1132 (a), 1145. Hence, where a garnishment statute may only establish a procedural method to execute those statutory remedies, a lien statute creates a new substantive right. *Iron Workers Mid-South Pension Fund, supra* at 555. *El Capitan Dev. Co., supra* at 1054-1055 (new substantive right against third-party owner of building or land). Reviewing the operation of a California lien statute, the United States Court of Appeals for the Ninth Circuit held that, since the State law accorded "ERISA plans a unique procedural benefit by conferring upon them special mechanic lien rights to collect delinquent contributions," it was preempted. *Sturgis, supra* at 1130. The same is true here. Because the mechanic's lien adds an additional weapon to an ERISA trustee's arsenal, a weapon for which ERISA does not provide, it directly conflicts with ERISA's comprehensive civil enforcement scheme. See *Ingersoll-Rand Co., supra* at 144; *McCoy, supra* at 18, 20; *El*

*Capitan Dev. Co.*, *supra* at 1054. Therefore, with respect to the trustee of an ERISA fund, operation of G. L. c. 254 is preempted by 29 U.S.C. § 1144 (a).

For these reasons, the cases are remanded to the Superior Court judge for dismissal of the complaints.

*So ordered.*